UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ROBERT MCCOOL,<br><br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br><br>    Defendant. | CIVIL ACTION NO. 4:14-CV-00083<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This is a civil action, filed by the *pro se* Plaintiff in the Court of Common Pleas of Northumberland County, Pennsylvania, on January 10, 2014, pursuant to the Uniform Enforcement of Foreign Judgments Act, 42 Pa. C.S.A. § 4306. (Doc. 1-2). It was removed to this federal court by the Plaintiff on January 21, 2014, ostensibly pursuant to 28 U.S.C. § 1443 and 28 U.S.C. § 1446. (Doc. 1).

A bevy of dispositive motions are pending before the Court, including a motion to dismiss by the Commonwealth, a motion for summary judgment by the Plaintiff, a motion for Rule 11 sanctions by the Plaintiff, and other motions by the Plaintiff seeking various forms of injunctive relief. (Doc. 14; Doc. 20; Doc. 32; Doc. 40; Doc. 46; Doc. 57). For the reasons that follow, however, it is recommended that the action be remanded to state court for lack of jurisdiction, and that all of these motions be denied without prejudice as moot.

**I.   BACKGROUND**

McCool has been confined in various New York and Pennsylvania state correctional institutions since 1980. This action is only one of several actions he has pursued in the state and federal courts of both New York and Pennsylvania. These judicial proceedings

constitute public records of which this Court may take judicial notice. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967); *Breyer v. Meissner*, 23 F. Supp. 2d 521, 527 (E.D. Pa. 1998), *aff'd in part and rev'd in part on other grounds*, 214 F.3d 416 (3d Cir. 2000).

On July 30, 1980, McCool was convicted of robbery in the first degree following a jury trial in a New York state court. *McCool v. New York*, 29 F. Supp. 2d 151, 154–55 (W.D.N.Y. 1998). On November 12, 1980, McCool was sentenced as a persistent felony offender to serve a term of fifteen years to life in prison. *New York*, 29 F. Supp. 2d at 157.

In February 1981, McCool was transferred into the temporary custody of officials in Pennsylvania pursuant to the Interstate Agreement on Detainers Act (the "IADA"), 42 Pa. C.S.A. §§ 9101 *et seq.*, to face trial on criminal charges in Northumberland and Snyder Counties. *McCool v. Snyder County*, No. 4:CV-11-1038, 2014 WL 2930648, at *2 (M.D. Pa. June 27, 2014); *Commonwealth v. McCool*, 457 A.2d 1312, 1313 (Pa. Super. Ct. 1983). On February 26, 1981, McCool was convicted of rape, kidnapping, and involuntary deviate sexual intercourse following a jury trial in the Snyder County Court of Common Pleas. (Doc. 1-2, at 40). On May 12, 1981, McCool was convicted of kidnapping, unlawful restraint, rape, involuntary deviate sexual intercourse, indecent assault, robbery, and unauthorized use of a motor vehicle following a jury trial in the Northumberland County Court of Common Pleas. *Commonwealth*, 457 A.2d at 1313. On June 10, 1981, the Northumberland County court sentenced McCool to serve a term of thirty to sixty years in prison, to run consecutive to his New York sentence. *Snyder County*, 2014 WL 2930648, at *2. That same day, McCool was returned to Snyder County, where he was sentenced to serve a term of twenty-five to fifty years in prison, to run consecutive all previously imposed

sentences. (Doc. 1-2, at 40). On June 11, 1981, McCool was returned to the custody of the New York Department of Corrections. *Snyder County*, 2014 WL 2930648, at *2.

On March 25, 1983, the Superior Court of Pennsylvania vacated McCool's Northumberland County conviction and sentence on direct appeal and remanded his case to the Northumberland County Court of Common Pleas for the sole purpose of affording McCool an evidentiary hearing on his allegation of ineffective assistance of trial counsel. *Commonwealth*, 457 A.2d at 1315; *see also Snyder County*, 2014 WL 2930648, at *3.

Initially, efforts apparently were made by both prosecutors and McCool to arrange for his return to Pennsylvania for an evidentiary hearing in Northumberland County, but these efforts were frustrated by the position of New York prison officials at the time that the IADA did not apply (for reasons that are not clear), and the position of the Pennsylvania Governor's Office that the Criminal Extradition Act did not apply as McCool was not a fugitive. *Snyder County*, 2014 WL 2930648, at *3. In October 1988, prosecutors again requested custody of McCool under the IADA, apparently with the understanding that New York prison officials were now willing to transfer temporary custody of McCool under the IADA if he voluntarily agreed to be returned to Pennsylvania for the evidentiary hearing. *Snyder County*, 2014 WL 2930648, at *3. But McCool appears to have undergone a change of heart at some point, and he declined to consent to the temporary custody request. *Snyder County*, 2014 WL 2930648, at *3. Instead, McCool filed a state habeas petition, requesting that the detainer be dismissed, and a New York state court granted the writ and dismissed the detainer on February 27, 1989. *Snyder County*, 2014 WL 2930648, at *3. (*See also* Doc. 1-2, at 19–20).

On December 11, 1989, the governor of New York honored the requisition of the

governor of Pennsylvania for surrender of McCool into the temporary custody of the Northumberland County sheriff for the purpose of conducting an evidentiary hearing on his ineffective assistance claim, and for resentencing, if appropriate. *Snyder County*, 2014 WL 2930648, at *3. On May 29, 1990, McCool appeared before the Northumberland County Court of Common Pleas, which found that he was not denied effective assistance of counsel. *Snyder County*, 2014 WL 2930648, at *3. On May 30, 1990, the state trial court reinstated McCool's sentence. *See Snyder County*, 2014 WL 2930648, at *3; *Commonwealth*, 457 A.2d at 1315.

Upon completion of his minimum sentence in 1995, McCool was paroled by New York and released to the custody of the Pennsylvania Department of Corrections to serve his Pennsylvania criminal sentences. *See Snyder County*, 2014 WL 2930648, at *3; *New York*, 29 F. Supp. 2d at 158.

McCool appears to have challenged his various criminal convictions and sentences several times over in a host of state and federal proceedings. Most relevant to this action are the following federal habeas and civil actions, in which McCool has raised the same challenge to his Northumberland County conviction and sentence based on an alleged failure to comply with the requirements of the IADA: *McCool v. Snyder County*, No. 4:01-CV-0731 (M.D. Pa. Dec. 14, 2001) (dismissing § 1983 complaint without merits analysis for failure to prosecute); *McCool v. Mechling*, No. 4:02-CV-338 (M.D. Pa. Nov. 17, 2003) (dismissing § 2254 petition as time-barred); *McCool v. Mechling*, No. 4:04-CV-992 (M.D. Pa. June 7, 2004) (dismissing § 2254 petition as successive petition and for abuse of writ); *McCool v. Snyder County*, No. 4:11-CV-1038 (M.D. Pa. June 27, 2014) (dismissing § 1983 complaint as barred by res judicata and therefore malicious pursuant to 28 U.S.C. § 1915, as

time-barred, and as barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

The instant civil action was initiated in state court when McCool filed his petition to enforce a domesticated foreign judgment in the Northumberland County Court of Common Pleas on January 10, 2014. (Doc. 1-2). By that petition, McCool sought to invoke the Uniform Enforcement of Foreign Judgments Act, 42 Pa. C.S.A. § 4306, to give effect to the New York state court's February 1989 order in Pennsylvania, apparently on the theory that the New York order somehow invalidated the earlier 1981 detainer, rendering the Pennsylvania criminal judgments against him void.

On January 21, 2014, McCool himself removed the state court proceedings to this federal court, ostensibly pursuant to 28 U.S.C. § 1443 and 28 U.S.C. § 1446. (Doc. 1; Doc. 1-1). The removal notice suggests that he did so on the theory that his petition implicated his federal rights under the "full faith and credit" clause of Article IV, Section 1 of the United States Constitution, under the IADA itself inasmuch as it constitutes federal law,[1] and under various amendments to the United States Constitution. (*See* Doc. 1-1).

In lieu of an answer, the Commonwealth has filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 20). The Commonwealth seeks a dismissal of this action on the merits, arguing that the only relief granted by the New York order was the dismissal of a detainer, and therefore it is not a "foreign judgment" under the Uniform Enforcement of Foreign Judgments Act. *See* 42 Pa. C.S.A. § 4306(f) (defining "foreign judgment" to include only "any judgment, decree, or

---

[1] *See generally Cuyler v. Adams*, 449 U.S. 433, 450 (1981); *Wilson v. Fenton*, 684 F.2d 249, 251 (3d Cir. 1982).

order of a court . . . requiring the payment of money").

McCool has filed a corresponding motion for summary judgment. (Doc. 32). The basis of McCool's motion is not entirely clear, but it appears to assert that the New York order is entitled to "full faith and credit" under federal law, citing 28 U.S.C. § 1738, and that the New York order somehow effectively invalidated his two Pennsylvania convictions, apparently based on procedural requirements imposed by the IADA.

McCool has filed several other motions of a dispositive nature: a motion for a preliminary injunction, requesting his immediate release from prison pending final disposition of this action (Doc. 14); a motion for the imposition of Rule 11 sanctions against the Commonwealth for its filing of a motion to dismiss in an unrelated state court action, *McCool v. Varano*, Case No. CV-2011-2525 (Northumberland County C.C.P.) (Doc. 40; *see also* Doc. 36, at 40–43 (state court motion papers));[2] a motion for a writ of *habeas corpus cum causa* pursuant to 28 U.S.C. § 1455(c) (formerly denominated § 1446(e));[3] and a Rule 60 motion for relief from final judgment, requesting an order by this Court setting aside the judgments of two state PCRA courts for an alleged "fraud upon the court" perpetrated by

---

[2] *But see Woodard v. STP Corp.*, 170 F.3d 1043, 1045 (11th Cir. 1999) ("Rule 11 sanctions are properly applied only to cases before the court, not to cases in other courts."); *accord Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 157 n.19 (4th Cir. 2002).

[3] Also commonly referred to as a writ of *habeas corpus ad faciendum et recipiendum*. *See Black's Law Dictionary* 715 (7th ed. 1999). Historically, the common law writ of *habeas corpus cum causa* was used to remove a criminal case, and the body of the defendant, from an inferior court to a superior court. *See Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 98–99 (1807) (Marshall, C.J.); *In re Grand Jury Proceedings*, 654 F.2d 268, 278 n.17 (3d Cir. 1981). In the United States, the common law writ has been superseded by the removal statute. *See Bollman*, 8 U.S. (4 Cranch) at 98–99; *Grand Jury*, 654 F.2d at 278 n.17. By its terms, § 1455 applies only to removed criminal prosecutions, not civil actions. *See* 28 U.S.C. § 1455.

the two state court judges presiding over his PCRA proceedings.[4]

## II. DISCUSSION

This case is unusual in that it was initially filed in state court, and then removed to federal district court by the Plaintiff himself, rather than the Defendant. This poses the threshold question of whether this Court possesses subject matter jurisdiction over the removed action.

It is well settled that the federal removal statutes confine the right of removal from a state court to federal district court to a *defendant*; there is simply no statutory authorization for a plaintiff, the party who chose to initiate litigation in the state forum, to remove his own action to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–05 (1941); *Conner v. Salzinger*, 457 F.2d 1241, 1242–43 (3d Cir. 1972); *Untracht v. Fikri*, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006); *Moses v. Ski Shawnee, Inc.*, No. CIV A 00-3447, 2000 WL 1053568, at *1 (E.D. Pa. July 31, 2000); *see also Guttman v. Silverberg*, 374 F. Supp. 2d 991, 992–93 (D.N.M. 2005) (remanding lawsuit removed by plaintiff pursuant to 28 U.S.C. § 1443). *See generally* 28 U.S.C. § 1441(a) (providing that certain state court civil actions "may be removed by the defendant or the defendants"); 28 U.S.C. § 1443 (providing that certain state court civil actions or criminal prosecutions "may be removed by the defendant"); 28 U.S.C. § 1446 (outlining procedure for removal of civil actions by the "defendant or defendants"); *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 168–69 (3d Cir. 1976) ("[I]t is federal policy to strictly construe removal statutes and to limit the

---

[4] *But see In re Machne Israel, Inc.*, 48 Fed. App'x 859, 863 (3d Cir. 2002) (Rule 60 only authorizes a federal court to set aside one of its own judgments); *Green v. Coleman*, Civil Action No. 14-74, 2014 WL 1050542, at *2 (W.D. Pa. Mar. 18, 2014) (Rule 60 does not permit a federal court to void a state court judgment).

removal jurisdiction of the federal courts. The cases are legion.").

It is also well settled that this Court lacks the authority to *sua sponte* remand a case to state court on the basis of a procedural defect in removal. *See In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 450–51 (3d Cir. 2000). But the issue presented here is a *jurisdictional* defect in removal, not a mere procedural irregularity. *See Conner*, 457 F.2d at 1243 (holding that prisoner civil rights case originally filed in state court and removed by plaintiff himself to federal court should be dismissed "for want of jurisdiction"); *Moses*, 2000 WL 1053568, at *1 ("A restriction by Congress on who may bring or remove an action at all would seem to implicate jurisdiction. The Supreme Court has referred to this restriction as jurisdictional.") (citing *Shamrock Oil & Gas*, 313 U.S. at 107); *accord Texas ex rel. Bd. of Regents v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644–45 (2d Cir. 1993); *In re Walker*, 375 F.2d 678 (9th Cir. 1967) (per curiam); *Bryant v. Unlimited Path, Inc.*, No. 5:13-cv-343-RS-CJK, 2014 WL 1796666, at *2 (N.D. Fla. May 6, 2014); *Smith v. St. Luke's Hosp.*, 480 F. Supp. 58, 60-61 (D.S.D. 1979); *Union Constr. Co. v. Dillingham Corp.*, 334 F. Supp. 502, 503 (S.D. Tex. 1971).

Having determined that this Court lacks subject matter jurisdiction, "the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed." *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997); *see also* 28 U.S.C. § 1747(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added). Despite the apparent futility of McCool's claims, "when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility. . . . Whether the matter is justiciable under state law is a matter for the

state court to decide." *Bromwell*, 115 F.3d at 214.

Accordingly, because this Court lacks subject matter jurisdiction, it is recommended that this action be remanded to state court pursuant for further proceedings. *See* 28 U.S.C. § 1747(c).[5]

### III.   RECOMMENDATION

Based on the foregoing, it is recommended that:

1. This action be **REMANDED** to the Northumberland County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction; and

2. All pending motions (Doc. 14; Doc. 20; Doc. 32; Doc. 40; Doc. 46; Doc. 57) be **DENIED WITHOUT PREJUDICE as MOOT**.

BY THE COURT:

Dated: October 24, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

[5] Mindful of the Court's obligation to liberally construe *pro se* submissions, particularly when dealing with imprisoned *pro se* litigants, *see generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013), the undersigned has considered the possibility of construing McCool's notice of removal and attached state court pleadings as a free-standing complaint alleging a violation of federal rights pursuant to 42 U.S.C. § 1983. But the case-initiating papers in this action were clearly intended as a notice of removal of state court proceedings, and Third Circuit precedent suggests that construing a *pro se* removal notice as a free-standing federal court complaint asserting parallel claims would be error. *See United States ex rel. Hamilton v. Maroney*, 355 F.2d 441, 442 (3d Cir. 1966) (per curiam). Moreover, liberally construing these papers to assert § 1983 claims would be futile, as any federal civil action challenging McCool's Pennsylvania convictions and sentences is undoubtedly barred by res judicata, collateral estoppel, and the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wilkinson v. Dotson*, 544 U.S. 74 (2005).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ROBERT MCCOOL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br><br>　　　　　　Defendant. | CIVIL ACTION NO. 4:14-CV-00083<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 24, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: October 24, 2014　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**